(38 Misc. Rep. 436.)

### NEW YORK LOAN & IMPROVEMENT CO. v. DE NAVARRO.

(Supreme Court, Special Term, New York County. July, 1902.)

**1. SUPPLEMENTARY PROCEEDINGS—MOTION TO SUBORDINATE.**

    A motion by a junior judgment creditor to make supplementary proceedings, in which a receiver of the debtor's property has been appointed subordinate to his own proceedings may be lawfully entitled in either action.

**2. SAME.**

    A receiver had been appointed in supplementary proceedings, and neither the original moving creditor nor others over whose judgment the receivership had been extended had taken any further action for 12 years. A junior judgment creditor, who had acquired the judgment under which the receiver was appointed, moved to subordinate those proceedings to his own newly taken ones. It appeared that he was a relative of the judgment debtor, and was seeking to cut off the intervening judgment creditor, and get the benefit of any property acquired by the judgment debtor, and was proceeding on information derived from relationship, rather than from investigation. *Held*, that the motion will be denied.

Action by the New York Loan & Improvement Company against Jose F. de Navarro. Motion by assignee of junior judgment to subordinate the supplementary proceedings under certain prior judgments against the same debtor to proceedings taken by himself under his judgment. Denied.

Davies, Stone & Auerbach, for the motion.
Beardsley & Hemmens, opposed.

GIEGERICH, J. The assignee of a junior judgment moves to subordinate the supplementary proceedings upon certain prior judgments against the same debtor to the proceedings taken by himself under his judgment. The theory of the application, as gathered from the affidavits, seems to be that, inasmuch as the prior judgment creditors, whose proceedings are thus sought to be subordinated, have for a period of upwards of 12 years since their original examination of the debtor failed to take any further steps, they are therefore guilty of neglect and laches in failing to attempt to enforce their several judgments, which are still unsatisfied of record, and that the applicant is entitled to the relief prayed for, in order that he may obtain, through priority under the receivership, any benefit which may result through the discovery of further property of

the judgment debtor.   No opposing affidavits are submitted, but the motion is resisted on behalf of the judgment creditors, whose rights are thus sought to be subordinated, on two grounds—first, that the application is irregular, and should have been made in the action in which the original supplementary proceedings were brought; and, second, on the ground that it would be unfair to give the preference sought to the junior creditor.   Upon the point of regularity of practice, I cannot see that it makes any difference in which of the actions the motion is entitled, so long as proper notice is given, as has been done, to those sought to be affected.   The language of section 2466 of the Code, under which this application seems to be made, does not throw any light upon this point.   Coming to the question of the merits, some difficulties are presented.   The receivership originated in supplementary proceedings had upon several judgments taken by the First National Bank of Rondout entered on the 8th day of July, 1889, and aggregating upwards of $25,000. On the 6th day of January, 1890, that receivership was extended to the supplementary proceedings under a judgment docketed on the 4th day of August, 1899, by the United States Illuminating Company for the sum of $672.16, and on the 5th day of June, 1890, it was further extended to the proceedings under a judgment for $4,368.07, docketed on the 9th day of May, 1890, in favor of Manuel Val and Concepcion Val de Madurga.   The two last-named judgments are the ones sought to be subordinated in this application.   The judgment sought to be preferred, amounting to $952,017.46, was recovered by the plaintiff on the 29th day of April, 1902, and assigned to Alfonso de Navarro by assignment dated January 30, 1900, and by further assignment dated April 30, 1902.   Subsequently, supplementary proceedings were had upon it, and on the 29th day of May, 1902, an order was made and entered extending the receivership to such supplementary proceedings.   It is also stated in the moving affidavits that Alfonso de Navarro is now the owner of the judgment taken by the First National Bank of Rondout.   It is argued on behalf of the judgment creditors so sought to be subordinated that the assignee who makes this motion is obviously a relative of the judgment debtor, and that the purpose of the motion is to evade the lien and just claim of the intervening judgments, so as to permit the transfer of property surmised to exist, the title to which is in the receiver, but the possession of which is in the judgment creditor, and which it is now desired to transfer.   While this argument is not supported by any facts advanced on behalf of the respondents, it is so reasonable and well warranted by the facts shown in the moving papers that I do not think it would be an equitable exercise of discretion, assuming that the court has discretion in such an application to alter the priority of judgments, to grant this motion, in the absence of any further proof that the intervening judgment creditors have neglected anything which reasonable diligence required, and also in the absence of anything to show that the assignee is not a relative of the judgment debtor, and that the proceeding is not based upon knowledge acquired through relationship and favor, rather than by diligence and investigation.   It results from these views that the mo-

tion must be denied, with $10 costs, but with leave to renew on additional papers, and on payment of costs within 60 days.

Motion denied, with $10 costs, but with leave to renew upon additional papers, and on payment of costs within 60 days.